In re John **DEMJANJUK**, Petitioner,

v.

**Honorable Edwin MEESE, United States Attorney General, and Honorable George Shultz, Secretary of State, Respondents.**

No. 86–5097.

United States Court of Appeals, District of Columbia Circuit.

Feb. 27, 1986.

As Amended March 7, 1986.

Before BORK, Circuit Judge.

Opinion filed by Circuit Judge BORK.

BORK, Circuit Judge:

Petitioner John Demjanjuk seeks a writ of habeas corpus, an immediate hearing, and a stay of execution of an extradition warrant. Demjanjuk has been certified as extraditable to the State of Israel pursuant to an extradition treaty between the United States and Israel and is currently in the custody of United States Marshals, on behalf of the Attorney General of the United States, at a location unknown to his attorneys.

Demjanjuk claims that the Senate's recent advice and consent to the ratification of the International Convention on the Prevention and Punishment of the Crime of Genocide (Genocide Convention) served to amend the extradition treaty and thereby voided the several decisions of the United States District Court for the Northern District of Ohio and the United States Court of Appeals for the Sixth Circuit which certified petitioner as extraditable to Israel.[1] The Genocide Convention, however, is not yet in effect in the United States. Even if it were in effect, Demjanjuk is not being extradited for the crime of genocide. The petition for a writ of habeas corpus and the request for a stay and for an immediate hearing must, therefore, be denied.

I.

The jurisdiction of a judge in this circuit to entertain this petition must be addressed at the outset. 28 U.S.C. § 2241(a) (1982) provides: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The general rule is that a circuit judge has jurisdiction to grant a writ of habeas corpus only if the petitioner's immediate custodian is located within the circuit. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). Pursuant to 28 U.S.C. § 2241(b) (1982), a circuit judge may decline to entertain the habeas petition and may transfer the application for hearing and determination to the appropriate district court.

Although transfer to the district court is the usual practice, Fed.R.App.P. 22(a) advisory committee notes, I decline to transfer this application. Because it is absolutely clear from the application that the applicant is not entitled to an award of the writ and a hearing is therefore not required, transfer would serve no purpose. Transfer would be particularly inappropriate in this case given the imminence of petitioner's extradition to Israel.

Demjanjuk is in the custody of a United States Marshal, in a confidential

---

**1.** The cases dealing with the extradition of petitioner are *Demjanjuk v. Petrovsky,* 612 F.Supp. 571 (N.D.Ohio), *aff'd,* 776 F.2d 571 (6th Cir. 1985), *cert. denied,* — U.S. —, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *In re Extradition of John Demjanjuk,* 612 F.Supp. 544 (N.D.Ohio 1985); *In re Extradition of John Demjanjuk,* 603 F.Supp. 1468 (N.D.Ohio), *dismissed,* 762 F.2d 1012 (6th Cir.1985); *In re Extradition of John Demjanjuk,* 603 F.Supp. 1463 (N.D.Ohio 1984); *United States v. Demjanjuk,* 518 F.Supp. 1362 (N.D.Ohio 1981), *aff'd,* 680 F.2d 32 (6th Cir.), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982).

location. This means that petitioner's attorneys cannot be expected to file in the jurisdiction where petitioner is held. It is impracticable to require the attorneys to file in every jurisdiction, and it would be inappropriate to order the whereabouts of the petitioner made public. Yet it is essential that petitioner not be denied the right to petition for a writ of habeas corpus. A justice of the Supreme Court, of course, has nationwide jurisdiction over habeas corpus petitions, but requiring all such petitions to be filed in the Supreme Court could produce inconvenience for the members of that Court and, in any case, transfer to the district court is the normal practice because of the potential necessity of a hearing. Thus, short of concluding that Demjanjuk's application must be considered by a Supreme Court justice, I think it is appropriate, in these very limited and special circumstances, to treat the Attorney General of the United States as the custodian. Jurisdiction will therefore lie in the D.C. Circuit and in no other jurisdiction. Should it become known that petitioner is held in a jurisdiction other than this one, a judge of this circuit would be divested of jurisdiction. There is an analogy to the jurisdiction accepted here: a district court may take jurisdiction of a habeas claim where the petitioner is held abroad in the custody of the United States and there is thus no forum where the immediate custodian is located. *See Ex parte Hayes*, 414 U.S. 1327, 94 S.Ct. 23, 38 L.Ed.2d 200 (1973) (per Douglas, J., on application for writ of habeas corpus); *see also* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 359 n. 52 (2d ed. 1973) ("It would thus appear that it has been decided ... that at least a citizen held abroad by federal authorities has access to the writ in the District of Columbia.").

If "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus, 28 U.S.C. § 2243 (1982), the petition may be denied. Otherwise, the judge must "forthwith award the writ or issue an order directing the respondent to show cause why the writ

should not be granted" and thereafter set a hearing. *Id.* As the analysis below demonstrates, petitioner is not entitled to a writ of habeas corpus.

### II.

Petitioner alleges that the International Convention on the Prevention and Punishment of the Crime of Genocide, "to which the United States will soon become a party," "has, or will soon, effectively amend the United States-Israel [Extradition] Treaty." Petition for Writ of Habeas Corpus at ¶¶ 4, 6, *Demjanjuk v. United States*, 784 F.2d 1114 (filed 1986). This allegation concerning the effective date of the Convention is rather equivocal. It is clear from other materials, however, that the Convention is not presently in effect.

■ In giving its advice and consent, the Senate specifically conditioned ratification of the Genocide Convention on the enactment of implementing legislation: "III. The Senate's advice and consent is subject to the following declaration: That the President will not deposit the instrument of ratification until after the implementing legislation referred to in Article V has been enacted." 132 Cong.Rec. S1378 (daily ed. Feb. 19, 1986). Article V of the Genocide Convention requires the enactment of "the necessary legislation to give effect to the provisions of the ... Convention." The Report of the Senate Committee on Foreign Relations plainly states that the above declaration was intended to "reinforce[ ] the fact that the Convention is not self-executing." Staff of Senate Comm. on Foreign Relations, 99th Cong., 1st Sess., *Report on Genocide Convention* 26 (Comm.Print 1985). Petitioner has not demonstrated nor have I determined that the necessary implementing legislation has been enacted.

■ But even if it is assumed that the implementing legislation has been enacted, the Genocide Convention would nevertheless not yet be in effect. Article XI of the Convention requires that the instrument of ratification or accession be deposited with

the Secretary General of the United Nations. Article XIII provides that the Convention becomes effective "on the ninetieth day following the deposit of the instrument of ratification or accession." The Secretary General is thereby provided with time to circulate the new instrument to the other parties to the Convention and provide notice of the conditions attached to the new ratification. *Report on Genocide Convention, supra,* at 14. The Senate voted to ratify the Convention on February 19, 1986. Thus, even had the implementing legislation been simultaneously enacted on February 19, 1986, the Genocide Convention would not be in effect until mid-May.

### III.

■ The Genocide Convention, if it were in effect, would, in any event, provide no support for petitioner's habeas application. The Convention cannot override a pre-existing extradition treaty when extradition was not granted on the basis of allegations of genocide. The district court authorized extradition of Demjanjuk pursuant to the Convention of Extradition between the Government of the United States of America and the Government of the State of Israel, Dec. 10, 1962, 14 U.S.T. 1717, T.I.A.S. No. 5476 ("Extradition Treaty"). Under 18 U.S.C. § 3184 (1982), the Extradition Treaty applies once the district court finds, *inter alia,* that the requesting country has jurisdiction to try the crime alleged. The district court found that Israel has jurisdiction to try the petitioner for murder under the international law doctrine of "universal jurisdiction." *In re Extradition of John Demjanjuk,* 612 F.Supp. 544, 558 (N.D. Ohio 1985). Petitioner claims that the jurisdictional requirements under the Genocide Convention are more restrictive and divest Israel of jurisdiction over this case, thus rendering the extradition illegal.

Petitioner could argue that extradition is sought in order that he be tried for genocide and that the Genocide Convention supersedes or modifies the Extradition Treaty. Neither of these contentions survives analysis. Under the Extradition Treaty,

"persons shall be delivered up ... for prosecution when they have been charged with ... any of the following offenses: 1. Murder.... 3. Malicious wounding; inflicting grievous bodily harm." 612 F.Supp. at 559. In this case, Israel charged petitioner "with having 'murdered tens of thousands of Jews and non-Jews' while operating the gas chambers to exterminate prisoners at Treblinka ... and that the acts charged were committed 'with the intention of destroying the Jewish people and to commit crimes against humanity.'" *Demjanjuk v. Petrovsky,* 776 F.2d 571, 578 (6th Cir.1985). Although these allegations would certainly appear sufficient to support a charge of genocide, "the United States Attorney ... has requested Demjanjuk's extradition only for the crimes of murder, manslaughter and malicious wounding; inflicting grievous bodily harm," and the district court found "that Israel seeks Demjanjuk's extradition for trial on charges of murder, pursuant to sections 1(b) and 2(f) of the Israeli Statute, and that those charges are recognized as crimes under Article II of the Treaty." 612 F.Supp. at 560. Indeed, the district court noted "that Demjanjuk is nonextraditable for any of the other charges included in the [Warrant Request and Arrest Warrant]." *Id.*

Until the United States and Israel amend the Extradition Treaty to include the crime of genocide and make genocide a crime under their respective domestic laws, genocide does not provide a basis for extradition. The Convention does not purport to interfere with extraditions for lesser included, or different, offenses pursuant to pre-existing extradition treaties. Rather, it provides guidelines when extradition for genocide is sought.

In short, the Genocide Convention does not affect the extradition of petitioner. Since genocide is not the basis for this extradition, the Genocide Convention, even if it were now law, would be irrelevant.

### IV.

■ Petitioner also requests a stay of execution of the extradition warrant. In order to grant a stay request, I must find

that petitioner has made a strong showing on the merits, that absent immediate relief, petitioner will suffer irreparable harm, that other parties would not be substantially harmed by the issuance of a stay, and that the public interest supports issuance of a stay. *See Virginia Petroleum Jobbers Association v. FPC,* 259 F.2d 921, 925 (D.C. Cir.1958); *see also Cuomo v. United States Nuclear Regulatory Commission,* 772 F.2d 972, 974 (D.C.Cir.1985); *WMATA v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977). While the imminent extradition of petitioner to Israel may qualify as a threat of irreparable harm, petitioner, as shown above, fails to demonstrate a likelihood of success on the merits. A stay of the execution of the extradition warrant is therefore unjustified.

### V.

Petitioner has failed to demonstrate that he is entitled to the relief requested. The Genocide Convention is not in effect, and were it in effect, it would be irrelevant to the extradition in question. Petitioner's request for a writ of habeas corpus and for a hearing and stay are, therefore, denied.