**Solomon MONK, a/k/a
David L. Martin**

v.

**SECRETARY OF the NAVY, Appellant.**

**No. 84–5874.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 17, 1986.

Decided June 20, 1986.

Mikva, Circuit Judge, filed concurring opinion.

---

Stuart H. Newberger, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on brief, for appellant. John H.E. Bagly, Jr., Asst. U.S. Atty., Washington, D.C., also entered an appearance, for appellant.

Stephen A. Armstrong, Fairfax, Va., for appellee.

Before MIKVA and BORK, Circuit Judges, and GREENE,* District Judge, United States District Court for the District of Columbia.

* Sitting by designation pursuant to 28 U.S.C.

Opinion for the Court filed by Circuit Judge BORK.

Concurring opinion filed by Circuit Judge MIKVA.

BORK, Circuit Judge:

Defendant Secretary of the Navy appeals an order of the district court denying his motion to dismiss and his motion for summary judgment and granting plaintiff Monk's motion for summary judgment. Because the district court lacked jurisdiction over Monk's action, we reverse and remand this case to the district court with instructions to grant the Secretary's motion to dismiss.

## I.

Appellee, Monk, was a corporal in the United States Marine Corps serving on active duty at Camp Pendleton, California. In February, 1978, Monk was charged with murdering his wife, a violation of article 118 of the Uniform Code of Military Justice, 10 U.S.C. § 918 (1982). Monk was tried before a general court-martial and found guilty on May 17, 1978. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for thirty years.

Monk's conviction and sentence were affirmed by both the Navy Court of Military Review, *see United States v. Martin,* 9 M.J. 731 (N.C.M.R.1979), and the United States Court of Military Appeals, *see United States v. Martin,* 13 M.J. 66 (C.M.A. 1982). Monk petitioned the Naval Clemency and Parole Board for clemency and restoration to duty. These requests were denied. Monk has exhausted his available military and administrative remedies and remains incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

In June 1983, Monk filed suit in the United States District Court for the District of Columbia challenging his conviction on various constitutional grounds. Monk prayed

§ 292(a).

that the district court (1) declare his conviction and sentence illegal and void, (2) direct the Secretary to vacate and annul his conviction and sentence, (3) direct the Secretary to grant Monk an honorable or general discharge, and (4) direct the Secretary to pay him all back pay and allowances to which he would have been entitled but for his conviction. *See* Joint Appendix ("J.A.") at 8–9.

The Secretary moved to dismiss on the ground that the court was without jurisdiction. The Secretary argued that Monk's action was, in effect, a petition for a writ of habeas corpus subject to the jurisdictional requirements of the federal habeas corpus statute. The district court denied the motion, holding that Monk could "seek civilian review outside the scope of a habeas corpus action." *Monk v. Secretary of the Navy*, Civ. Action No. 83–1853, mem.op. at 4 (D.D.C. Oct. 5, 1984), J.A. at 14. In the alternative, the court held that even if the action is viewed as a petition for habeas corpus, jurisdiction was proper since Monk's "ultimate custodian," the Secretary of the Navy, was within the District of Columbia. *See id.* at 4–6, J.A. at 14–16. We consider two questions: whether Monk's action must be treated as a petition for habeas corpus and, if so, whether the district court properly asserted jurisdiction.

## II.

Monk brought this challenge, alleging jurisdiction under 28 U.S.C. §§ 1331, 2201 (1982), the general federal question and declaratory judgment provisions. The Secretary argues, as he did below, that Monk's challenge must be treated as a petition for a writ of habeas corpus. "Appellee has actually attempted to mount a collateral attack on his court-martial conviction" and "[a]lthough there is no specific request to be released from confinement, it is clear that this ultimate relief must flow directly from the declaratory relief sought in this case." Brief for Appellant at 5. Monk contends that habeas corpus is not the exclusive means by which he may collaterally attack his conviction. His argument is that

he "simply sought to have his conviction invalidated. He did not seek, nor did the district court grant, immediate release from custody." Brief for Appellee at 10.

■ We agree with the Secretary that Monk's action must be construed as a petition for a writ of habeas corpus. It is immaterial that Monk has not requested immediate release. If Monk receives the relief requested—a declaratory judgment that the conviction is invalid and an order directing the Secretary to vacate and annul his conviction and sentence—the additional relief of immediate release or a new trial would follow automatically since, in a second action for a writ of habeas corpus, the prior judgment would have res judicata effect. In adopting the federal habeas corpus statute, Congress determined that habeas corpus is the appropriate federal remedy for a prisoner who claims that he is "in custody in violation of the Constitution ... of the United States," 28 U.S.C. § 2241(c)(3) (1982). This specific determination must override the general terms of the declaratory judgment and federal question statutes. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973) (habeas corpus overrides the general terms of section 1983 and provides the exclusive federal remedy for state prisoners seeking immediate or speedier release from custody).

Monk stresses that his complaint also sought back pay, the equivalent of damages, and that this relief is not available in a habeas corpus proceeding. *See* Brief for Appellee at 10 (*citing Preiser*, 411 U.S. at 493, 93 S.Ct. at 1838). Though true, this observation in no way alters our conclusion that Monk must collaterally attack his conviction, if at all, in an action for habeas corpus. He may not avoid the requirement that he proceed by habeas corpus by adding a request for relief that may not be made in a petition for habeas corpus. Any claim for back pay that Monk may have is entirely dependent upon the validity of his underlying conviction. If Monk successfully challenges his conviction by petitioning for a writ of habeas corpus, his recourse is

to initiate a separate action for damages, one in which the determination of the invalidity of the underlying conviction will be res judicata.

Our analysis is entirely consistent with *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Preiser,* state prisoners, deprived of good-conduct-time credits pursuant to disciplinary proceedings, brought an action under 42 U.S.C. § 1983 (1982) against the New York State Department of Correctional Services. The prisoners did not challenge the validity of their underlying convictions. Rather, their claim was that the disciplinary proceedings failed to afford them due process of law. The relief they sought was an order compelling restoration of the credits, which, if granted, would have resulted in their immediate release from prison. Under these circumstances, the Court reviewed the challenge as falling squarely "within the core of habeas corpus," 411 U.S. at 487, 93 S.Ct. at 1835, and held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, *and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment,* his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841 (emphasis added).

The *Preiser* Court expressly limited its holding to cases in which the relief requested would result in the prisoner's immediate, or more speedy, release from prison. Thus, the Court was careful to distinguish claims for damages resulting from similar post-conviction action:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, ... a damages action by a state prisoner could be brought

> under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

411 U.S. at 494, 93 S.Ct. at 1838 (emphasis in original).

This distinction was dispositive in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), a similar case decided the next term. In *Wolff,* state prisoners brought a section 1983 action seeking (1) restoration of good-time credits cancelled pursuant to allegedly unconstitutional procedures and (2) damages resulting from the use of such procedures. The Supreme Court held that *Preiser* makes restoration of good-time credits available only in an action for habeas corpus and thus unavailable here, but that it does not preclude in this case either "a declaratory judgment as a predicate to a damages award" or "an otherwise proper injunction enjoining the prospective enforcement of invalid prison regulations." *See id.* at 554-55, 94 S.Ct. at 2974. This disposition is entirely consistent with *Preiser.* Relief other than restoration of credits would not result in the prisoner's immediate or speedier release from prison or in any way undermine the validity of the underlying conviction. Thus, under *Preiser,* the habeas provisions were not implicated.

That Monk included a request for back pay in his complaint does not in any way alter our conclusion that his challenge to his conviction must be treated as a petition for a writ of habeas corpus. *Preiser* did not alter the premise that habeas corpus is a prisoner's exclusive method for collaterally attacking the validity of his conviction pursuant to which he is incarcerated. Rather, *Preiser* considered a question one step removed: whether habeas corpus is also the exclusive method by which prisoners may challenge post-conviction action by correctional officers where the relief requested would result in the prisoner's immediate or more speedy release from prison. Taken together, *Preiser* and *Wolff* establish that when a prisoner challenges action other than his underlying conviction, the nature of the relief requested deter-

mines whether habeas corpus is the exclusive federal remedy. If the prisoner seeks retroactive equitable relief that will result in immediate or more speedy release, then habeas is the exclusive federal remedy. *See In re United States Parole Commission*, 793 F.2d 338, 348 (D.C.Cir.1986) (prisoner challenging parole eligibility determination is not restricted to habeas corpus when "a successful outcome would not automatically terminate or shorten the period of his confinement"). But if the prisoner seeks only damages or prospective injunctive relief, then habeas is not the exclusive, or, in the case of damages, even an available, remedy.

Though both Monk and the prisoners in *Wolff* sought damages, the nature of the state action that gave rise to their damages provides the crucial distinction. In *Wolff*, the prisoners sought damages which resulted from the state's use of allegedly unconstitutional procedures in revoking good-time credits—state action wholly independent of the prisoners' convictions. Determining the validity of the procedures (as a predicate to awarding damages), of course, does not implicate the validity of the prisoners' convictions. By contrast, Monk seeks damages that result directly from the fact of his conviction. In order to grant the damages Monk requests, therefore, the court must first determine the validity of Monk's conviction. But this determination, unlike the one involved in *Wolff*, might result in Monk's release from prison and, therefore, must be made in an action for habeas corpus.

### III.

■ Monk next argues that even if his action must be characterized as a petition for a writ of habeas corpus, the district court nevertheless properly exercised jurisdiction. Monk claims that jurisdiction lies not only in the judicial district in which his immediate custodian is located, but also in the district where the "ultimate custodian" resides. *See* Brief for Appellee at 11. Thus, Monk asserts that application in the District of Columbia is proper and that, in arguing to the contrary, "[t]he Secretary attempts to confuse *jurisdiction* with *venue*. *Id*. (emphasis in original).

We cannot accept Monk's argument. The statute provides that "[w]rits of habeas corpus may be granted by ... the district courts ... within their respective jurisdictions." 28 U.S.C. § 2241(a) (1982). Originally, this language was interpreted to mean that jurisdiction was proper only in the district in which the petitioner was located, usually the district of incarceration. *See Ahrens v. Clark*, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). Subsequently, however, the Supreme Court has held that "the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian," "even if the prisoner himself is confined outside the court's territorial jurisdiction." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973). In *Braden*, an Alabama prisoner applied to a district court in Kentucky for a writ of habeas corpus. The prisoner did not challenge the validity of his Alabama conviction. Rather, he attacked the validity of a three-year-old Kentucky indictment which was the basis for a detainer lodged against him by Kentucky officials. The Court first held that the prisoner was "in custody" in Kentucky within the meaning of 28 U.S.C. § 2241(c)(3) by virtue of the interstate detainer. *See* 410 U.S. at 488–89, 93 S.Ct. at 1126. The Court next held that since his dispute was with his Kentucky "custodians," jurisdiction was proper in federal district court in Kentucky. *See id.* at 494–99, 93 S.Ct. at 1129–32. "Under these circumstances it would serve no useful purpose to apply the *Ahrens* rule and require that the action be brought in Alabama." *Id.* at 499, 93 S.Ct. at 1132. After *Braden*, a prisoner may apply for a writ of habeas corpus either in the district where he is incarcerated or, if different, the district in which his custodian is located.

■ As noted at the outset, Monk is incarcerated at Fort Leavenworth, Kansas

and his custodian is the commandant of that facility. Monk concedes that under *Braden,* he could have brought this action in the federal district court in Kansas where both he and his custodian are located. His claim is that he is also free to bring the action in the District of Columbia because it is here that his "ultimate custodian," the Secretary of the Navy, resides.[1] Nothing in *Braden* supports this assertion and we reject it. We hold that for purposes of the federal habeas corpus statute, jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located.

Our decision today is controlled by *Sanders v. Bennett,* 148 F.2d 19 (D.C.Cir.1945). In *Sanders,* a federal prisoner, confined outside the District of Columbia, applied for a writ of habeas corpus to the district court for the District of Columbia. The district court dismissed for lack of jurisdiction. On appeal, the prisoner argued that jurisdiction was proper because he was in the "custody" of the Attorney General, an official over whom the district court had jurisdiction. Judge Arnold framed the question as "whether a court in the District of Columbia has jurisdiction to issue a writ of habeas corpus against the Attorney General of the United States or his representative on petition of a federal prisoner confined outside the District of Columbia," *id.* at 19, and held that it does not. "[O]nly courts having jurisdiction over the warden of a penitentiary can grant a writ of habeas

corpus on behalf of any of its inmates." *Id.* at 20 (footnote omitted).

*Guerra v. Meese,* 786 F.2d 414 (D.C.Cir. 1986), decided just this term, applied the *Sanders* rule to a habeas petition filed in the District of Columbia by federal prisoners challenging action by the United States Parole Commission. Though the petitioners were serving sentences in various federal prisons around the country, they argued that jurisdiction was proper since the Commission could be considered as their custodian for purposes of challenging Commission action which prevented their release. The court rejected this argument, holding that "the warden of [the federal penal facility in which a prisoner is currently serving his sentence] is the prisoner's custodian within the meaning of 28 U.S.C. §§ 2241–43 (1982)." *Id.* at 416. In reaching this conclusion, the court observed: "Under appellees' theory, the Attorney General of the United States could be considered the custodian of every prisoner in federal custody because he supervises the Federal Bureau of Prisons. We have specifically rejected this interpretation. *Sanders v. Bennett,* 148 F.2d 19, 20 (D.C.Cir. 1945)." *Id.* (citation & footnote omitted).

In short, Monk's argument that the Secretary can be considered his custodian for purposes of habeas corpus is no different from the claim that the Attorney General is the custodian of all federal prisoners. In *Sanders,* we rejected the latter claim, and today we reject the former.[2]

1. Of course, the Secretary of the Navy is located at the Pentagon, which is in Virginia, not the District of Columbia.

2. Monk's citation of cases such as *Ex parte Hayes,* 414 U.S. 1327, 94 S.Ct. 23, 38 L.Ed.2d 200 (1973) (Douglas, J., in chambers), provides no support for a contrary conclusion. In *Hayes,* Justice Douglas considered a petition by a United States Army private stationed in Germany and held that application was proper in the District of Columbia because of the absence of a forum where the petitioner and his custodian were located. *Accord* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 359 n. 52 (2d ed. 1973). Monk concedes that the United States district court in Kansas was at all times

available as a forum in which to bring this action and *Hayes* is therefore inapposite.

Nor does *In re Demjanjuk,* 784 F.2d 1114 (D.C.Cir.1986) (Bork, J., in chambers), provide any support for Monk's position. In *Demjanjuk,* the petitioner was about to be extradited to Israel and sought a writ of habeas corpus in the District of Columbia. Demjanjuk was in the custody of a United States Marshal, in a confidential location unknown even to his attorneys. I found it "appropriate, *in these very limited and special circumstances,* to treat the Attorney General of the United States as the custodian." *Id.* at 1116 (emphasis added). No such circumstances are present in this case since Monk's location has never been kept confidential. *Accord Guerra v. Meese,* 786 F.2d 414, 416 n. 1 (D.C.Cir.1986). As I stated in *Demjanjuk:*

## IV.

In his reply brief, the Secretary states that in light of *Van Drasek v. Lehman,* 762 F.2d 1065 (D.C.Cir.1985), "this court may lack jurisdiction over the present appeal." Reply Brief for Appellant at 1 n. 1. Given our conclusion that the district court was without jurisdiction to consider the validity of Monk's conviction, we disagree. We have jurisdiction to decide jurisdiction.

The Federal Courts Improvement Act, 28 U.S.C. § 1295(a)(2) (1982), provides that the United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction over appeals from final decisions of a district court if that court's jurisdiction was based "in whole or in part" on the Tucker Act, 28 U.S.C. § 1346(a)(2) (1982). As we explained in *Van Drasek,*

> for a claim in the district court to be based on the Tucker Act, it must (1) seek money (2) not exceeding $10,000 (3) from the United States and (4) be founded either upon a contract or upon a provision of "the Constitution, or any Act of Congress, or any regulation of an executive department," 28 U.S.C. § 1346(a)(2), that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."

762 F.2d at 1068 (*quoting United States v. Mitchell,* 463 U.S. 206, 219, 103 S.Ct. 2961, 2969, 77 L.Ed.2d 580 (1983)).

In *Van Drasek,* a Marine Corps captain brought suit in the United States District Court for the District of Columbia, challenging the Marine Selection Board's decision not to promote him to the rank of major and seeking reconsideration and back pay in the amount of $9,999. The district court denied all relief and Van Drasek sought to appeal the decision to this court. We found that the district court's

jurisdiction was based in part on 28 U.S.C. § 1346(a)(2) and that, therefore, the federal circuit had exclusive jurisdiction over the appeal under 28 U.S.C. § 1295(a)(2).

Monk's complaint sought declaratory and injunctive relief as well as "all back pay and allowances which he would have received, but did not receive because of [his] prosecution and conviction." J.A. at 9. Though Monk did not specify, we assume that this claim exceeds $10,000 since it represents approximately eight years' pay. *Cf. Doe v. United States Department of Justice,* 753 F.2d 1092, 1101 (D.C.Cir.1985). At oral argument, Monk's counsel attempted to waive any claim Monk might have for damages in excess of $10,000 and thereby satisfy retroactively the requirements for jurisdiction in the district court based on the Tucker Act. Though we doubt that such an attempt could be effective, we need not decide the point because, in either case, the district court lacked jurisdiction to award Monk back pay.

The district court based its jurisdiction on 28 U.S.C. §§ 1331, 2201 (1982), the general federal question and declaratory judgment provisions, or, in the alternative, on 28 U.S.C. § 2241 *et seq.* (1982), the federal habeas corpus provisions. But, since Monk's claim involves a collateral attack on his conviction, the latter statute provides the *exclusive* basis for jurisdiction.[3] Under that statute, the district court was without jurisdiction and, in these circumstances, neither 28 U.S.C. §§ 1331, 2201 nor 28 U.S.C. § 1346(a)(2) can supply an independent basis for jurisdiction. Jurisdiction in the district court was not based in whole or in part on the Tucker Act because, for the reasons given, jurisdiction in that court was entirely lacking. Therefore, 28 U.S.C. § 1295(a)(2) does not affect this court's jurisdiction over the appeal.

---

"Should it become known that petitioner is held in a jurisdiction other than this one, a judge of this circuit would be divested of jurisdiction." 784 F.2d at 1116.

**3.** If Monk were to succeed in having his conviction invalidated in an appropriate action for habeas corpus, he then could maintain an ac-

tion for back pay either in a district court pursuant to 28 U.S.C. § 1346(a)(2) (if the claim was for less than $10,000), or in the United States Claims Court pursuant to 28 U.S.C. § 1491 (1982). In either case, appeal then would lie exclusively in the federal circuit. *See* 28 U.S.C. § 1295(a)(2) & (3) (1982).

We reverse and remand this case to the district court with instructions to dismiss Monk's complaint for lack of jurisdiction.

*It is so ordered.*

MIKVA, Circuit Judge, concurring:

As the court's opinion ably demonstrates, the law in this circuit plainly requires that habeas corpus actions be filed where the petitioner's immediate custodian resides. I therefore concur in the opinion and the decision to dismiss Monk's complaint because the court lacks jurisdiction.

I write separately, however, to articulate my grave concern that justice has not yet been done in this case. A careful review of the record leaves me firmly convinced that there are critical questions about Monk's guilt that have never been adequately addressed. Even giving complete deference on credibility questions to the factfinders in the military court, there remain significant inconsistencies in the evidence and in the evidentiary procedures adopted at trial that cannot easily be brushed aside. Findings concerning appellee's whereabouts at the time of his wife's death, and the unavailability to Monk of potentially exculpatory information and evidence require, I think, the proper authority to re-examine the finding of guilt.

Absent the necessary jurisdiction, these questions are not properly before us; hence I do not rehearse the arguments presented. I concur separately only to emphasize my feeling that Monk's complaint raises important issues, ones that deserve careful examination should this case be reviewed elsewhere.