**Derrick B. TARTT, Plaintiff,**

v.

**SECRETARY OF THE ARMY, Defendant.**

No. 93 C 4550.

United States District Court, N.D. Illinois, E.D.

Decided Oct. 7, 1993.

Memorandum Opinion and Order Oct. 19, 1993.

---

Sheldon B. Nagelberg, Chicago, IL, for plaintiff.

James B. Burns, U.S. Atty., James J. Kubik, Asst. U.S. Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Petitioner Derrick Tartt ("Tartt"), a captain in the army reserves, has been ordered to active duty by respondent, the Secretary of the United States Army ("the army"). Tartt petitions for a writ of *habeas corpus* under 28 U.S.C. § 2241,[1] requesting that the army be barred from compelling Tartt to serve on active duty, and seeking a rescission

---

1. Tartt erroneously characterized his petition as an action under 28 U.S.C. § 2255, but in his supporting brief, Tartt asks the court to consider his petition under 28 U.S.C. § 2241.

of his enlistment contract. The army responds that the court lacks jurisdiction and that Tartt's claims do not raise a justiciable controversy.

## BACKGROUND

The parties agree to the following facts: In 1978, when Tartt was an eighteen year old freshman at Alcorn State University in Mississippi, Tartt enlisted in the army's reserve officer training program on a nonscholarship basis. After graduating from Alcorn State, Tartt was granted an educational delay of entry to active duty so he could attend medical school. Tartt attended medical school at the University of Wisconsin, and has deferred entry to active duty annually since 1987. After graduating from medical school, Tartt performed his residency in anesthesiology at Loyola University Hospital in Chicago.

In April 1993, the army ordered Tartt to report to active duty at the Beaumont Medical Center in El Paso, Texas. Tartt refused to report to active duty, and continues to live in Chicago, where he is a practicing physician. Tartt contends that when he enlisted, he was told that he would have the choice of serving in the reserves or serving on active duty. He claims that he was defrauded into signing agreements purporting to bind him to active service by the false representations of the enlisting officer.

## DISCUSSION

■ A petitioner may bring a *habeas corpus* action to challenge the legal authority by which he is detained or by which his freedom is restricted. *See Monk v. Secretary of the Navy,* 793 F.2d 364, 366 (D.C.Cir. 1986). In enacting the *habeas corpus* statute, Congress determined that *habeas corpus* relief is the appropriate remedy for any person "who claims that he is 'in custody in violation of the Constitution.'" *Id.* (quoting 28 U.S.C. § 2241(c)(3)). *Habeas corpus* relief is the "well-established and appropriate jurisdictional route" for a federal court to review decisions by the military that restrict the freedom of a member of the service. *Leonard v. Dept. of the Navy,* 786 F.Supp. 82, 87 (D.Me.1992).

■ The writ of *habeas corpus* has two jurisdictional prerequisites. First, the writ may be granted only if the petitioner is in custody. 28 U.S.C. § 2241(c)(1). Because a military reservist ordered to active service is considered to be in custody for the purposes of the *habeas corpus* statute, Tartt's petition satisfies the first requirement. *See, e.g., Hammond v. Lenfest,* 398 F.2d 705, 710–12 (2d Cir.1968); *see generally Strait v. Laird,* 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972).

In addition, for the court to have jurisdiction over the *habeas corpus* petition, both the petitioner and the petitioner's custodian must be present in the judicial district.[2] *Schlanger v. Seamans,* 401 U.S. 487, 489, 91 S.Ct. 995, 997, 28 L.Ed.2d 251 (1971). Tartt's petition fails the second requirement. Tartt resides in Chicago; he is present in this district. However, his custodian is not present. The Supreme Court has held that when an army reservist is ordered to active service, his custodian is present: (1) in the district that the petitioner's nominal commander is located; and/or (2) in any district in which the petitioner has had significant contacts with the military. *Strait v. Laird,* 406 U.S. 341, 343–45, 92 S.Ct. 1693, 1694–95, 32 L.Ed.2d 141 (1972).

In this case, Tartt enlisted in Mississippi, filed his deferrals of active service in Missouri, and was ordered to serve in Texas. Notwithstanding Tartt's unsupported allegation[3] that he has communicated with the surgeon general's office in Chicago, Tartt has had no real contacts with the army in Illinois. Tartt's custodian is not present in this judicial district. The court therefore lacks jurisdiction to hear Tartt's *habeas corpus* petition.

---

**2.** The presence requirement arises from 28 U.S.C. § 2241(a), which states that the district courts may grant writs of *habeas corpus* "within their respective jurisdictions." *Murphy v. Garrett,* 729 F.Supp. 461, 465 (W.D.Pa.1990).

**3.** The one document that Tartt produces to attempt to establish contacts with the army in Illinois was written after Tartt had refused to report. *See* Reply, Ex. A (letter from surgeon general's office to Tartt after Tartt refused to report to active duty).

## CONCLUSION

For the foregoing reasons, Derrick Tartt's petition for a writ of *habeas corpus* is denied.

## *MEMORANDUM OPINION AND ORDER ON RECONSIDERATION*

Petitioner Derrick Tartt, a captain in the army reserves, has been ordered to active duty by respondent the United States Army ("the army"). Tartt petitions for a writ of *habeas corpus*, requesting that the army be barred from compelling Tartt to serve on active duty, and seeking a rescission of his enlistment contract. The army responds that the court lacks jurisdiction, that Tartt's claims are not justiciable, and that Tartt's claims fail substantively. The court has ruled that it lacks jurisdiction to rule on Tartt's petition. Memorandum Opinion and Order, No. 93 C 4550 (N.D.Ill. Oct. 7, 1993) ("the dismissal order"). Tartt moves for reconsideration of that ruling.

## *BACKGROUND*

The parties agree to the following facts set out in the court's earlier decision: In 1978, when Tartt was a freshman at Alcorn State University, he enlisted in the army's reserve officer training program on a nonscholarship basis. After graduating from Alcorn State, Tartt was granted an educational delay of entry to active duty so he could attend medical school. Tartt attended medical school at the University of Wisconsin, and has deferred entry to active duty annually since 1987. After graduating from medical school, Tartt performed his residency in anesthesiology at Loyola University Hospital in Chicago.

In April 1993, the army ordered Tartt to report to active duty at the Beaumont Medical Center in El Paso, Texas. Tartt refused to report to active duty, and continues to live in Chicago, where he is a practicing physician. Tartt contends that when he enlisted, he was told that he would have the choice of serving in the reserves or serving on active duty. He claims that he was defrauded into signing agreements purporting to bind him to active service by the false representations of the enlisting officer.

## *DISCUSSION*

### 1. Motion For Reconsideration

A motion for reconsideration is appropriate when "the Court has patently misunderstood a party ... or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990). A motion for reconsideration may be used to correct errors that are brought to the court's attention. *Turner v. Chicago Housing Authority,* 771 F.Supp. 924, 926 (N.D.Ill.1991). Parties may not raise new issues in a motion for reconsideration that they could have raised during the original proceeding. *See Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985).

Tartt moves for reconsideration because of confusion that he caused concerning the briefing schedule. Tartt contends that the brief that the court took to be Tartt's reply brief (it was attached to the motion to file a reply) was not meant to be the reply brief. Rather, Tartt asserts, that brief was in support of the motion for leave to file a reply. Tartt states that the arguments that he made in that brief were not meant to be exhaustive.[1] Tartt files yet another reply. Tartt's second reply has merit. In the interests of justice, the court reconsiders its earlier decision to dismiss Tartt's petition for lack of jurisdiction.

The dismissal order was based on the court's conclusion that it had no jurisdiction to hear Tartt's *habeas corpus* petition. The writ of *habeas corpus* has two jurisdictional prerequisites. First, the writ may be granted only if the petitioner is in custody. 28 U.S.C. § 2241(c)(1). The court found that Tartt satisfies the custody requirement. In addition, for the court to have jurisdiction over a *habeas corpus* petition, both the petitioner and the petitioner's custodian must be present in the judicial district. The court

---

1. In fact, the court relied in part on that brief in finding that it had no jurisdiction to rule on Tartt's *habeas corpus* petition.

found that Tartt's petition failed the second requirement because his custodian, the army, is not present in this judicial district. The court noted that Tartt had enlisted in Mississippi, had filed his deferrals of active service in Missouri, and was ordered to serve in Texas. The court concluded that Tartt has had no contacts with the army in Illinois, and the army therefore is not present in this judicial district.[2]

In his second reply, Tartt establishes that he had contacts with the army in Illinois. Tartt attaches a number of documents purporting to be communications regarding Tartt's active duty status that Tartt had with the army between 1989 and 1993. *See* Reply Exs. 1–5. These documents support Tartt's contention that Tartt had significant contacts with the army in Illinois. In addition, one of Tartt's exhibits establishes that the army keeps some of Tartt's records in Deerfield, Illinois. *See* Reply Ex. 3. Because Tartt has had significant contacts with the army in Illinois, the army is deemed to be present in this district. The court therefore has jurisdiction to rule on Tartt's *habeas corpus* petition.

## 2. Nonjusticiability

■ The army contends that the court may not consider the case even if jurisdiction is proper. The army's contention lacks merit. The army cites a number of cases limiting the power of the judiciary to rule on constitutional violations by the military. These decisions are inapposite in this case, which does not concern a constitutional claim, but instead involves the interpretation of a

contract.[3] Contrary to the army's assertion, the courts routinely review the validity of military enlistment contracts once administrative remedies have been exhausted.[4] *See, e.g., Woodrick v. Hungerford,* 800 F.2d 1413, 1416 (5th Cir.1986), *cert. denied,* 481 U.S. 1036, 107 S.Ct. 1972, 95 L.Ed.2d 812 (1987); *Rodriguez v. Vuono,* 757 F.Supp. 141, 150 (D.P.R.1991). The court may rule on the merits of this case.

## 3. Rescission

■ Tartt contends that his enlistment contract must be rescinded or reformed. A claim that an enlistment contract is invalid or should be invalidated is decided under traditional principles of contract law. *Pence v. Brown,* 627 F.2d 872, 874 (8th Cir. 1980); *Rodriguez v. Vuono,* 757 F.Supp. 141, 147 (D.P.R.1991). Rescission of the enlistment contract is proper if the enlisting officer made material misrepresentations to induce the enlistment. *Brown v. Dunleavy,* 722 F.Supp. 1343, 1350 (E.D.Va.1989). The issue to be decided is whether Tartt was induced to enlist by material misrepresentations.

The enlistment contract states expressly that Tartt must serve on active duty for at least three years. Reply Ex. A. The army relies on the enlistment contract in arguing that Tartt's petition must be denied. Response at 7. The army also cites Tartt's repeated delays of active service as evidence that Tartt understood that he had a commitment to serve. Response at 7–8. Tartt claims that he was told that he would only be required to serve in the reserves. Tartt

**2.** The court relied on *Strait v. Laird,* 406 U.S. 341, 343–45, 92 S.Ct. 1693, 1694–95, 32 L.Ed.2d 141 (1972), in which the Supreme Court found that the army is deemed to be present: (1) in the district in which the petitioner's nominal commander is located; and (2) in any district in which the petitioner has had significant contacts with the military.

**3.** The army cites *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), for the proposition that "rescission of military orders is within the province of the courts only under rare and severely limited circumstances." Ironically, *Orloff* contradicts the army's assertions. In *Orloff,* the Supreme Court noted that "the courts have found occasion to determine whether one

has been lawfully inducted and is therefore within the jurisdiction of the Army." *Orloff,* 345 U.S. at 94, 73 S.Ct. at 540.

**4.** Tartt demonstrates that he falls under the "irreparable injury" exception for exhaustion of administrative remedies. Tartt has pursued administrative review, but may not obtain relief for over a year, during which time he would either be forced to report to active duty or be considered AWOL. Tartt would suffer irreparable injury if he is compelled to wait until his administrative petition is ruled upon. *See Woodrick v. Hungerford,* 800 F.2d 1413, 1416 (5th Cir.1986), *cert. denied,* 481 U.S. 1036, 107 S.Ct. 1972, 95 L.Ed.2d 812 (1987).

contends that the enlistment officer told him that he would have the option of active service or serving in the reserves. Tartt Aff. ¶ c. Tartt states that he would not have enlisted had he known that he would be required to serve on active duty. Tartt Aff. ¶ d. Tartt asserts that he discussed the written terms of the contract with the enlistment officer, and was told that he would not be required to serve on active duty regardless of the express terms of the agreement. Tartt Aff. ¶ e.

At this stage of the proceedings, there is insufficient information to interpret the enlistment contract. Tartt's petition for a writ of *habeas corpus* is taken under advisement. The parties may conduct discovery to further elucidate the issues in this case.

## CONCLUSION

For the foregoing reasons, petitioner Derrick Tartt's motion for reconsideration is granted. The dismissal order entered on October 7, 1993 is vacated and this case is reinstated.

All discovery is to be completed and any dispositive motions are to be filed by January 19, 1994. The parties are directed to present their joint final pretrial order in open court on February 10, 1994 at 9:00 a.m. This case is placed on the court's March trial calendar.