**Luciano BERMUDEZ–CARDIEL,**
**Petitioner–Appellee,**

v.

**Roseanne SONCHIK, District Director,**
**Immigration and Naturalization**
**Service, Respondent–Appellant.**

**No. 01–15088.**

**D.C. No. CV–00–01798–ROS(MS).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided Sept. 5, 2002.

---

Before LAY,* FERGUSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

Respondent/Appellant Roseanne Sonchik, Phoenix District Director of the Immigration and Naturalization Service ("Sonchik") appeals the District Court's grant of habeas relief to Petitioner/Appellee Luciano Bermudez–Cardiel ("Bermudez–Cardiel"). We find that we lack jurisdiction under 28 U.S.C. § 2243, and we dismiss the petition.

The parties are familiar with the facts and the procedural history of the case. Therefore, we do not repeat them here.

A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243; *see also id.* § 2242 (requiring that application for writ must allege "the name of the person who has custody over [the applicant] and by virtue of what claim or authority, if known."). We lack personam

jurisdiction over the custodian and, therefore, cannot grant relief if the petition fails to name the detainee's custodian as the respondent. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

We have held that the "proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (per curiam) (quoting *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir.1986)). "A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986)).

Bermudez–Cardiel's petition for a writ of habeas corpus named Sonchik as the respondent. However, Sonchik is not Bermudez–Cardiel's "immediate custodian" because she is not the "person having a day-to-day control over the prisoner." *Id.* (internal quotation marks omitted). Rather, Bermudez–Cardiel's immediate custodian is the warden of the INS facility at which he is being held. *See id.; see also Yi v. Maugans*, 24 F.3d 500, 507–08 (3d Cir.1994) (holding that the district director is not the proper respondent in an alien's habeas action because "it is the warden that has day-to-day control over the prisoner and who can produce the actual body").

We recognize that Sonchik, as the district director, has the power to enforce an order of deportation against the alien. 8 C.F.R. § 241.32 (2002). We also accept as true the INS' representation that Sonchik is responsible for overseeing the INS detention facilities within her district, including the facility in Florence, Arizona. How-

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ever, neither of these facts transforms her into Bermudez–Cardiel's custodian. *See Yi*, 24 F.3d at 507 ("That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.").

Bermudez–Cardiel is being held at the INS detention facility in Florence, Arizona. Because the warden of that facility is not the named respondent, we lack jurisdiction to entertain Sonchik's appeal. Accordingly, we vacate the District Court's decision and remand with instructions to dismiss the habeas petition without prejudice.

REVERSED AND REMANDED.