**Francisco ARISTICA–RODRIGUEZ,**
**Petitioner–Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 01–16398.

D.C. No. CV–00–01726–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided Sept. 5, 2002.

Before LAY,* FERGUSON and TALLMAN, Circuit Judges.

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Petitioner/Appellant Francisco Aristica–Rodriguez ("Aristica–Rodriguez") appeals the District Court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus, which alleged that he is being illegally detained by the Immigration and Naturalization Service ("INS"). We find that we lack jurisdiction under 28 U.S.C. § 2243, and we dismiss the petition.

The parties are familiar with the facts and the procedural history of the case. Therefore, we do not repeat them here.

A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243; *see also id.* § 2242 (requiring that application for writ must allege "the name of the person who has custody over [the applicant] and by virtue of what claim or authority, if known."). We lack personam jurisdiction over the custodian and, therefore, cannot grant relief if the petition fails to name the detainee's custodian as the respondent. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

We have held that the "proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (per curiam) (quoting *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C.Cir.1986)). "A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986)).

Aristica–Rodriguez's petition for a writ of habeas corpus named the INS as the respondent. However, the INS is not Aristica–Rodriguez's "immediate custodian."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The INS is a governmental agency, not a "person" to whom we could direct an order to release Aristica–Rodriguez's "body" from detention. *See id.* Rather, Aristica–Rodriguez's immediate custodian is the warden of the jail at which he is being held. *See id.*

Aristica–Rodriguez is in custody in the Kern County Jail, a California State facility, which has arranged with the INS for the custody of alien detainees. Because the warden of that jail is not the named respondent, we lack jurisdiction to entertain Aristica–Rodriguez's appeal. Accordingly, we vacate the District Court's decision and remand with instructions to dismiss the habeas petition without prejudice.

REVERSED AND REMANDED.