James A. **BROWN**, Appellant,

v.

**SECRETARY OF THE ARMY, et al., Appellees.**

No. 03–5145.

United States Court of Appeals, District of Columbia Circuit.

March 5, 2004.

James A. Brown, Warden, United States Disciplinary Barracks, Fort Leavenworth, KS, pro se.

Before: SENTELLE, ROGERS, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, and on the brief and motion for appointment of counsel filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed May 6, 2003, be affirmed. Because appellant's complaint sought a declaration that his court-martial conviction is unconstitutional, it was properly construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Chatman–Bey v. Thornburgh*, 864 F.2d 804, 808–10 (D.C.Cir.1988) (en banc); *Monk v. Secretary of the Navy*, 793 F.2d 364, 366–68 (D.C.Cir.1986). Moreover, because appellant failed to allege that he exhausted his military remedies, the district court properly dismissed the petition without prejudice on that basis. *See Noyd v. Bond*, 395 U.S. 683, 693–99, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969).

To the extent appellant's complaint asserted claims unrelated to his detention, the claims fail. Appellant is not entitled to a writ of mandamus directing the United States Attorney to file charges against certain named defendants, *see Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C.Cir.1965) (decision whether to prosecute is within discretion of Attorney General, and "[m]andamus will not lie to control the exercise of this discretion"), and appellant lacks standing to obtain an injunction to control the prosecution of future courts-martial, *cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. The interests of justice do not warrant appointment of counsel in this case. *See* 18 U.S.C. § 3006A(a)(2)(B).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.