UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Troy A. Smocks,                           :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :     Civil Action No. 10-361 (UNA)
                                          :
The United States of America et al.,      :
                                          :
          Defendants.                     :

## MEMORANDUM OPINION

Plaintiff Troy A. Smocks has submitted the financial information required to support his application to proceed without prepayment of the filing fee, and a "First Amended Complaint." Because the complaint sounds in habeas, the application to proceed without prepayment of fees will be granted and the complaint will be dismissed for lack of jurisdiction.

Smocks, an inmate confined in a Missouri penal institution, is serving a prison sentence imposed by a Missouri state court. *See* First Amended Complaint ("FAC") ¶¶ 80-85. He has filed a complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006), challenging the constitutionality of certain provisions of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). He alleges that his state conviction is invalid, *see* FAC ¶¶ 91-92, and that he "has been injured in fact due to the preclusive effect of the AEDPA statutes on his ability to vindicate his right to liberty[,]" *id.* ¶ 79.

The issues Smocks raises must be heard in habeas, and "the availability of a habeas remedy in another district ousts [this Court] of jurisdiction over [a plaintiff's] effort to pose a constitutional attack on his [custody] by means of a suit for declaratory judgment." *LoBue v.*

*Christopher,* 82 F.3d 1081, 1082 (D.C. Cir. 1996) (discussing the basis of its prior decision in

*Kaminer v. Clark,* 177 F.2d 51, 52 (D.C. Cir. 1949)). Indeed,

> [t]he Court of Appeals for the District of Columbia Circuit has repeatedly held . . .
> that where a prisoner claims that he is in custody in violation of the Constitution
> and seeks release, the proper and exclusive remedy is an action under the federal
> habeas statute. *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 809 (D.C. Cir. 1988)
> ("[A]s a matter of Congressional intent, prisoners mounting a challenge to the
> lawfulness of their custody are to proceed by means of habeas."); *Monk v.
> Secretary of the Navy,* 793 F.2d 364, 366 (D.C. Cir. 1986) (same). In effect, the
> federal habeas statute "override[s] the general terms of the declaratory judgment
> and federal question statutes." *Monk,* 793 F.2d at 366; *see also Preiser v.
> Rodriguez,* 411 U.S. 475, 490 (1973) (habeas corpus overrides the general terms
> of section 1983 and provides the exclusive federal remedy for state prisoners
> seeking immediate or speedier release from custody).

*Layug v. Thornburg,* Civil Action No. 91-1129 (MB), 1991 WL 126015, *1 (D.D.C. June 28,

1991). Thus, Smocks must pursue his AEDPA challenge in a habeas proceeding filed in a court

that has personal jurisdiction over his immediate custodian. *See Rumsfeld v. Padilla,* 542 U.S.

426, 434 (2004) ("[T]he proper respondent to a habeas petition is 'the person who has custody

over [the petitioner].'") (quoting 28 U.S.C. § 2242); *Blair-Bey v. Quick,* 151 F.3d 1036, 1039

(D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present

physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v.

U.S. Parole Commission,* 374 F.3d 1235, 1239 (D.C. Cir. 2004). Accordingly, this complaint,

construed as one sounding in habeas, will be dismissed for lack of jurisdiction.[1]

_____

[1] Alternatively, if this complaint were to be treated as a civil action, it would be barred
unless Smocks first paid the filing fee in full, because he "has, on 3 or more prior occasions,
while incarcerated or detained in any facility, brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
upon which relief may be granted," and he has not demonstrated here that he is "under imminent
danger of serious physical injury." 28 U.S.C. § 1915(g). *See* slip. op., *Smocks v. Midkiff,* No.
05-0177-CV-W-HFS-P (W.D. Mo. April 15, 2005) at 4 ("Plaintiff is cautioned that this dismissal
(continued...)

A separate order accompanies this memorandum opinion.

Date: _April 30, 2010_

_____
United States District Judge

---

[1](...continued)
will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g) (1996).); _Smocks v. Missouri Cole County,_ No. 09-4153-CV-C-SOW, 2009 WL 4884493, *3 (W.D. Mo. Dec. 11, 2009) ("Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g)."); _Smocks v. Hassell,_ No. 09-4157-CV-C-NKL, 2010 WL 56007, *2 (W.D. Mo. Jan. 5, 2010) (same).