## EX PARTE HAYES

No. A-283.  Decided October 26, 1973

Mr. Justice Douglas.

This is an application for habeas corpus presented to me.

The applicant is a United States Army private on active duty stationed in Mannheim, Germany. He contends that the Army has failed to fulfill an enlistment commitment made to him and that his continued retention by the Army is therefore in violation of law and army regulations. It is alleged that the applicant's immediate commanding officer, in Mannheim, approved his application for discharge, but that the Chief of Personnel Actions in Washington denied the application. Named as respondents are these two officers and the Secretary of the Army, Howard Calloway.

In making his application here the applicant invokes this Court's original habeas jurisdiction, 28 U. S. C. § 2241, in the belief that jurisdiction in the district court may be questionable because both the applicant and his commanding officer are located in Germany, outside the territorial jurisdiction of any district court. The Solicitor General in response suggests that jurisdiction may be had in the District Court for the District of

Columbia, or alternatively that the application be transferred to that court pursuant to 28 U. S. C. § 2241 (b).[1] I intimate no views on the question or on the merits of applicant's claim.

We have previously upheld the jurisdiction of a district court over a habeas application when the person confined is moved out of the district after the application is filed. *Jones* v. *Cunningham,* 371 U. S. 236 (1963); *Ex parte Endo,* 323 U. S. 283 (1944). In *Ahrens* v. *Clark,* 335 U. S. 188 (1948), we reserved the question now here. *Id.,* at 192 n. 4.

We noted in *Endo, supra,* at 306, that the more fundamental jurisdictional requirement was not the location in the district of the person confined but the presence of the person with custody over the habeas applicant. In *Schlanger* v. *Seamans,* 401 U. S. 487 (1971), we found that the District Court did not have jurisdiction over the habeas application of an Air Force enlisted man because neither his commanding officer nor anyone "in his chain of command" was a resident of the district. *Id.,* at 489. Here, as previously noted, the applicant's commanding officer is in Germany, outside the territorial limits of any district court. But others in the chain of command, as well as both of the other named respondents, are in the District of Columbia.

The District Court for the District of Columbia in *Rothstein* v. *Secretary of the Air Force,* Civil Action No. 1565–73, took jurisdiction in a like case on August 30, 1973. It has been suggested that our prior decisions in *Burns* v. *Wilson,* 346 U. S. 137 (1953), and *Toth* v. *Quarles,* 350 U. S. 11 (1955), decided "sub silentio

[1] "The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."

and by fiat, that at least a citizen held abroad by federal authorities has access to the writ in the District of Columbia." [2]   On that basis I transfer the application to the District Court for the District of Columbia, recognizing, of course, that the District Court has jurisdiction to determine the question of its jurisdiction.

*So ordered.*

---

[2] H. Hart & H. Wechsler, The Federal Courts and The Federal System 359 n. 52 (2d ed. 1973).