**Paul BIJEOL et al.,
Petitioners-Appellees,**

v.

**Charles L. BENSON et al.,
Respondents-Appellants.**

No. 75–1024.

United States Court of Appeals,
Seventh Circuit.

Argued March 20, 1975.

Decided April 15, 1975.

S. Cass Weiland, Atty., Crim. Div., U. S. Dept. of Justice, Washington, D. C., Stanley B. Miller, U. S. Atty., Indianapolis, Ind., for respondents-appellants.

Michael B. Nash, Chicago, Ill., for petitioners-appellees.

Before SWYGERT, SPRECHER and TONE, Circuit Judges.

TONE, Circuit Judge.

This is a sequel to Garafola v. Benson, 505 F.2d 1212 (7th Cir. 1974), in which we held that prisoners sentenced under 18 U.S.C. § 4208(a)(2) were entitled to a meaningful hearing before the Board of Parole at some point prior to the expiration of one-third of their sentences. The question here is whether the *Garafola* rule can be applied to other similarly situated federal prisoners by means of a class action or a proceeding analogous to a class action, and, if so, whether it should be so applied nationally, only within this circuit, or only within the district in which the case was filed.

Petitioners are five prisoners convicted of bank robbery who are serving sentences of various lengths under 18 U.S.C. § 4208(a)(2) in the United States Penitentiary at Terre Haute, Indiana. In their *pro se* complaint, they sought declaratory, injunctive, and habeas cor-

pus relief[1] based on the failure of the United States Board of Parole in each of their cases to hold a meaningful parole hearing before the expiration of one-third of the sentence. They sought to represent not only themselves but all prisoners at Terre Haute who were sentenced under § 4208(a)(2) for bank robbery.

The complaint, filed before the entry of the District Court order affirmed in *Garafola*, relied upon Grasso v. Norton, 376 F.Supp. 116 (D.Conn.1974), which was then and is now pending on appeal. Respondents promptly moved to stay this case pending review of *Grasso* by the Court of Appeals for the Second Circuit but filed no other motion and no answer. Nothing further transpired in this case until nine days after our affirmance in *Garafola*, when the District Court entered an order holding that respondents, by moving for a stay without filing an answer, had admitted the facts pleaded; that the action should proceed as a class action under Rule 23(a), Fed.R.Civ.P.; that the class should be defined as all federal prisoners sentenced under § 4208(a)(2); and that relief based on *Garafola* should be granted to the entire class. Shortly thereafter the court stayed its order until January 9, 1975, except as to prisoners in Terre Haute, and thereafter we entered a like stay pending appeal.

Respondents ask us to reconsider our holding in *Garafola*, which we decline to do, but they concede that, assuming *Garafola* is to stand, the District Court properly granted relief to the named petitioners. We therefore are not required to consider the correctness of the District Court order as to them.

██ Turning to the class allegations, we conclude that while Rule 23, Fed.R. Civ.P., does not apply, a representative action may be maintained in the unusual circumstances of this case, limited to federal prisoners in custody in the district in which the district court sits who are serving sentences imposed under § 4208(a)(2) and have not yet been given a parole hearing other than the initial hearing customarily given shortly after custody begins. Terre Haute is the only federal penitentiary in the district.

Respondents do not directly question the appropriateness of a representative proceeding in habeas corpus actions. Nor do they directly question the appropriateness of a class limited to prisoners within the district. Instead they argue that the District Court did not comply with the procedural requirements they assert are necessary under Rule 23. They also challenge the authority of the District Court to extend the effect of the order outside the district. Thus, if an order based on *Garafola* met the technical objections and granted relief only within the district, respondents' only serious challenges to the validity of the District Court's order would be resolved. We need not decide, therefore, whether the District Court could properly go beyond the pleadings in defining the appropriate class, insofar as the designated class is entirely within the district.

The gist of petitioners' allegations is that they are being unlawfully subjected to physical restraint by reason of the Parole Board's failure to comply with the statute. Their remedy, therefore, is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 485–489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Although the *Preiser* case dealt with a state prisoner's attempt to use 42 U.S.C. § 1983 instead of 28 U.S.C. § 2254 to challenge the fact or duration of his custody, we think the Court would reach the same result in the case of a federal prisoner attempting similarly to circumvent 28 U.S.C. § 2241 et seq., in challenging the fact or duration of his custody. *Cf. id.* at 489, 93 S.Ct. 1827.

---

1. The original complaint also alleged that the Administrative Procedure Act was applicable, relying on King v. United States, 492 F.2d 1337 (7th Cir. 1974). We are advised by respondents, however, that these allegations were manually crossed out on the copy of the complaint served on the Attorney General, and petitioners do not dispute this. The District Court ignored these allegations. We shall treat them as withdrawn.

█ Rule 23, Fed.R.Civ.P., does not apply, to habeas corpus proceedings for the reasons stated in United States ex rel. Sero v. Preiser, 506 F.2d 1115, 1125 (2d Cir. 1974), cert. denied, —— U.S. ——, 95 S.Ct. 1587, 43 L.Ed.2d 789 (1975). Nevertheless, as the *Sero* case also held, a representative procedure analogous to the class action provided for in Rule 23 may be appropriate in a habeas corpus action under some circumstances. Such a procedure is appropriate here: Given the nature of the case, there can be no genuine issues of fact.[2] The single issue of law presented is identical as to all prisoners sentenced under § 4208(a)(2) and has already been definitively adjudicated for the circuit by this court in *Garafola*. The number of § 4208(a)(2) prisoners at Terre Haute alone is too great for joinder of all to be practical.

█ Because we agree with the reasoning of the *Sero* case that a representative action for habeas corpus relief is merely analogous to a proceeding under Rule 23, we need not decide whether the District Court complied with "the precise provisions of Rule 23 [, which] are not applicable to these proceedings." (*Sero, supra*, 506 F.2d at 1126.) We hold that in the circumstances of this case, in which the class, as we redefine it, consists of prisoners in a given category in one penitentiary and the likelihood is that all prisoners in the represented class were in fact informed about the action, due process did not require notice, although it would have been preferable to give notice.[3]

The District Court could properly conclude that in this case a representative action was appropriate, but not, we believe, with respect to prisoners outside the Southern District of Indiana. By so limiting the representative proceeding, we avoid the possibility that respondents, the members of the Board of Parole, whose responsibilities extend throughout the United States, will be subjected, even temporarily, to inconsistent judgments by courts of coordinate jurisdiction, and we give the other courts of appeals the respect and comity which are their due.[4]

2. When there are genuine issues of fact as to each prisoner, 28 U.S.C. § 2242 would seem to preclude vicarious representation of absent prisoners, for it requires that an "[a]pplication . . . be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." The verification of a petition by named petitioners on behalf of other prisoners would obviously not be acceptable under the statute unless only legal issues are presented. *Cf.* United States ex rel. Sero v. Preiser, *supra*, 506 F.2d at 1125–1127.

3. The instant representative action is analogous to an action under subdivision (b)(2) of Rule 23. The notice provision of that rule, subdivision (c)(2), is "[b]y its terms . . . inapplicable to class actions for injunctive or declaratory relief maintained under subdivision (b)(2)." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 n. 14, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). See also the discussion in 3B J. Moore, Federal Practice ¶ 23.55 (2d ed. 1974). In light of the Supreme Court's statement in note 14 of *Eisen*, especially considered with the earlier often cited and discussed (see, e. g., 3B J. Moore, *supra*, ¶ 23.55) statement of the court of appeals in *Eisen II* (Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564–565 (2d Cir. 1968)) that "notice is required as a matter of due process in all representative actions, and 23(c)(2) merely requires a particularized form of notice in 23(b)(3) actions" (*cf.* Eisen v. Carlisle & Jacquelin, 479 F.2d 1005, 1013–1014 (2d Cir. 1973) (*Eisen III*)), this court's holding in Schrader v. Selective Service System Local Board No. 76 of Wisconsin, 470 F.2d 73, 75 (7th Cir. 1972), cert. denied, 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972), will presumably have to be reexamined at an appropriate time, but we need not do so now since we hold Rule 23 does not apply in this proceeding.

4. At least two courts of appeals have the *Garafola* issue pending before them: The Second Circuit has yet to decide an appeal from Grasso v. Norton, *supra*, 376 F.Supp. 116; and the Ninth Circuit has still before it Satcher v. Sigler, No. C–74–89T (W.D.Wash., July 26, 1974), although it recently vacated and remanded by unpublished order Rifai v. United States Board of Parole, No. 74–2319 (9th Cir., March 10, 1975), for referral to the appropriate administrative officials in light of the adoption of the new regulations discussed in *Garafola*, 28 C.F.R. §§ 2.13(d), 2.14(b), and an intervening felony conviction of the petitioner. The Fifth Circuit has affirmed without formal opinion a district court decision with which *Garafola* is inconsistent. Moody v. United States

Moreover, a true representative action cuts both ways. Allowing wider representation in a habeas corpus action might very well result in injustice to absent prisoners within the represented class, who, if entitled to the benefits of the action, would also be affected, if not bound, by an adverse determination.[5] We think it best that, even considering the narrowness of the category of habeas corpus cases suitable for representative treatment, the representation be limited to other prisoners within the district. The result we reach on this issue makes it unnecessary for us to address the question of whether the writ of habeas corpus may run in favor of prisoners who are in custody outside the district in which the court sits, restrained by custodians also outside the district. Compare, e. g., Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971), with Ex parte Hayes, 414 U.S. 1327, 94 S.Ct. 23, 38 L.Ed.2d 200 (1973), and Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

We, of course, assume that, even though the representative effect of the judgment in this case is limited to the Southern District of Indiana, respondents will follow the procedure required by *Garafola* in the cases of other § 4208(a)(2) prisoners incarcerated within this circuit, making further judicial proceedings in this circuit unnecessary.

The judgment of the District Court is modified to limit its effect to the Southern District of Indiana, and, as modified is affirmed.

Affirmed as modified.

Board of Parole, et al., No. C74–601A (N.D. Ga., April 1, 1974) aff'd, 502 F.2d 1165 (5th Cir. 1974). As to other Fifth Circuit cases, see *Garafola*, 505 F.2d at 1215–1216 n. 4.

**5.** While "[p]rinciples of *res judicata* are, of course, not wholly applicable to habeas corpus proceedings," Preiser v. Rodriguez, *supra*, 411

U.S. at 497, 93 S.Ct. at 1840, the petitioner is in practical effect bound by the prior adjudication if the court "is satisfied that the ends of justice will not be served" by a collateral inquiry. 28 U.S.C. § 2244(a). See also Note, Multiparty Federal Habeas Corpus, 81 Harv.L. Rev. 1482, 1502–1505 (1968).