**Bryan A. CENTA, Petitioner,**

v.

**Honorable Michael P.W. STONE, et al., Respondents.**

**No. 1:91 CV 0124.**

United States District Court, N.D. Ohio, E.D.

Jan. 25, 1991.

Terry H. Gilbert, Friedman & Gilbert, Cleveland, Ohio, for petitioner.

Marcia Walker Johnson, Thomas E. Getz, Asst. U.S. Attys., Cleveland, Ohio, for respondents.

## ORDER

BATTISTI, District Judge.

Petitioner Bryan Centa is a United States Army soldier currently on active duty in Saudi Arabia. Before the court is a petition for a writ of habeas corpus, an application for a temporary restraining order, and a motion for a preliminary injunction. Due to the absence of jurisdiction in the Northern District of Ohio, all are DENIED and DISMISSED.

## I. FACTUAL BACKGROUND

According to the facts alleged in the petition, the Petitioner enlisted in the Army in March, 1990 on a delayed entry basis. On November 15, 1990 he reported to his assignment in Mainz, Germany.

Petitioner alleges that his recruiting officer repeatedly assured him that he would not be sent to Saudi Arabia should he opt for active duty status.

Petitioner further alleges that around the time that he was told that his unit would be going into combat in Saudi Arabia, he was becoming aware of his conscientious opposition to participation in war of any form. The basis for this opposition is alleged to be strongly held religious, moral and ethical beliefs. There was, however, no detailed information provided in the petition, nor does the Petitioner claim to be a member of any organized religion.

Petitioner claims that on December 12, 1990 he filed an application for discharge and to be classified as a conscientious objector, and was later counseled by an un-

identified Army Chaplain who verified that his beliefs were firmly held and recommended that his application be approved. Petitioner does not describe the current status of his application review, nor does he claim to have exhausted his administrative remedies.

Finally, the Petitioner alleges that on January 3, 1991, he was shackled and forced to board a plane to Saudi Arabia where he is currently in imminent danger of being involved directly in warfare or combat.

The instant petition was filed on January 23, 1991, and sought the issuance of the writ against the "Honorable Michael P.W. Stone, Secretary of the Army, and General H. Norman Shwarzkopf, Commander, Operation 'Desert Storm'". The court noted a probable lack of jurisdiction and instructed the parties to appear before it on the morning of January 24, 1991 to provide oral argument on the question. Following the arguments, the petition, application and motion were all denied and the parties were advised that an order and opinion would follow seasonably.

## II. DISCUSSION

The remedy sought by Petitioner is one provided by federal statute. 28 U.S.C. §§ 2241 et seq. (1988). Among other things, the law provides that the Great Writ shall not extend unless the petitioner is in custody. 28 U.S.C. § 2241 (1988). In addition, it states that all writs of habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243 (1988).

It is clear that this court has no power to entertain the instant habeas petition. In *Schlanger v. Seamans*, 401 U.S. 487, 490, 91 S.Ct. 995, 998, 28 L.Ed.2d 251 (1971), it was held that the absence of a soldier's custodian from the territorial jurisdiction of the district court in which a habeas petition is filed is fatal to the jurisdiction of that court. The Court employed a definition of custodian which included a soldier's direct commanding officer or any officer along the chain of command.

While the Court developed an exception to *Schlanger* in *Strait v. Laird*, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972), the instant case does not fall within the bounds of the exception. *Strait* involved a reservist who was not on active duty. *Id.* at 341, 92 S.Ct. at 1693. As a reservist his "nominal commanding officer" was the Commanding Officer of the Reserve Officer Components Center at Fort Benjamin Harrison, Indiana. *Id.* at 342, 92 S.Ct. at 1694. The petitioner in *Strait*, however, had at all times been domiciled in California and all meaningful contacts with the Army had occurred in California. *Id.* at 343, 92 S.Ct. at 1694. The Court held that in light of the control exerted over the petitioner in California, the "nominal commanding officer" could be deemed to be present in California. *Id.* at 345, 92 S.Ct. at 1695. Accordingly, the Court found that the exercise of jurisdiction by the California court was proper. *Id.*

The *Strait* case has been limited to its facts and is not applicable to the instant case in which neither the Petitioner nor his custodians are within the territorial jurisdiction of the Northern District of Ohio. *See Eisel v. Secretary of the Army*, 477 F.2d 1251, 1263 (D.C.Cir.1973) (noting that the *Strait* exception rested upon the petitioner's status as an inactive reservist and the fact that the commanding officer was merely "the keeper of some records in an obscure place where the petitioner had never been.").

Although there is no federal district in which both the petitioner and at least one of his custodians are present, this does not defeat the petitioner's ability to seek the issuance of a writ of habeas corpus. In *Ex Parte Hayes*, 414 U.S. 1327, 1327–28, 94 S.Ct. 23, 23–24, 38 L.Ed.2d 200 (1973), a soldier on active duty in Germany who was faced with a similar jurisdictional dilemma filed a petition for a writ of habeas corpus directly with Justice Douglas, who noted that although the soldier's immediate commanding officer was outside the territorial limits of any district court, others in the chain of command were not. The Secretary of the Army, for example, was, for the purposes of a suit against him in his offi-

cial capacity, located in the District of Columbia. *Id.* at 1328, 94 S.Ct. at 24. He also noted that the District Court for the District of Columbia had asserted jurisdiction over at least one such case in the past. *Id.* Accordingly, he transferred the case to the District Court for the District of Columbia. *Id.* at 1329, 94 S.Ct. at 24.

Petitioner may be able to refile this petition in another district within which one of the respondents is present. He may not, however, proceed in the Northern District of Ohio.[1]

Accordingly, the petition, application and motion are DENIED and DISMISSED.

IT IS SO ORDERED.

---

**1.** The government suggested at oral argument that an alternative ground for dismissal may lie in the Petitioner's failure to exhaust administrative relief. *See Parisi v. Davidson,* 405 U.S. 34, 35, 92 S.Ct. 815, 816, 31 L.Ed.2d 17 (1972) (stating that "[w]hen a member of the armed forces has applied for a discharge as a conscientious objector and has exhausted all avenues of administrative relief, ... he may seek habeas corpus relief in a federal district court ..."). In the instant matter, the Petitioner has failed to plead exhaustion, or any facts sufficient to support a decision by the court on the matter of exhaustion.