# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-4336

LAMAR HARRIS,

*Petitioner-Appellant,*

*v.*

WARDEN, USP LEE,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-779—**James L. Foreman**, *Judge.*

SUBMITTED SEPTEMBER 13, 2005—DECIDED SEPTEMBER 28, 2005

Before EASTERBROOK, KANNE, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Lamar Harris has been sentenced to life in prison for violating federal drug and weapons statutes. See *United States v. Harris*, 959 F.2d 246 (D.C. Cir. 1992). He was convicted on 15 counts. Three of the drug convictions resulted in life sentences; most of the 12 terms of years ran concurrently with the life sentences, but a few are consecutive, so the full package was life plus 55 years. In a series of post-conviction filings, Harris has challenged several of his convictions, and after *Bailey v. United States*, 516 U.S. 137 (1995), the sentencing court (the United States District Court for the District of Columbia) vacated five of his convictions under 18 U.S.C. §924(c).

Sentences on some of these counts had run consecutively to the life sentences, but given the abolition of parole in the federal system "life" and "life plus x years" come to the same thing, so the decision did not provide a practical benefit. Harris sought a certificate of appealability in order to contend on appeal that a sixth §924(c) conviction should be vacated; the D.C. Circuit denied this application. After the decision in *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001), implied that the sixth §924(c) conviction was as problematic as the other five, Harris sought leave to commence another collateral attack. See 28 U.S.C. §2255 ¶8. The D.C. Circuit denied this request but also stated that Harris would be entitled to relief in a proceeding under 28 U.S.C. §2241.

Harris initiated such a proceeding in the Southern District of Illinois. The United States Attorney for that district conceded that the sixth §924(c) conviction (on Count 21 of the indictment) is defective, and the district court vacated it—again without benefit to Harris, whose other nine convictions (three carrying sentences of life imprisonment) remain in place. Harris asked the district judge to vacate *all* of his sentences, contending that they rest on judicial findings that are incompatible with the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its successors. The district court declined to afford Harris any additional relief, however, and he has appealed.

It is far from clear to us that a §2241 proceeding is consistent with §2255 ¶5, which provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Unlike the prisoner in *In re Davenport*, 147 F.3d 605

(7th Cir. 1998), Harris was able to use §2255 after *Bailey* to present his contentions; he prevailed in 1999 with respect to five of the six gun counts. Section 2255 is not "ineffective" just because a court decides adversely to the petitioner. *Davenport*, 147 F.3d at 609. See also *Gray-Bey v. United States*, 209 F.3d 986 (7th Cir. 2000). But the United States did not invoke §2255 ¶5 in the district court and has not filed a cross-appeal. Paragraph 5 does not diminish the district court's subject-matter jurisdiction, which rests on 28 U.S.C. §1331 because the claim arises under federal law. Sections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause. (Jurisdiction to resolve claims under §2255, which technically are motions in the criminal prosecution, comes from 18 U.S.C. §3231.) Harris's claim may have been unavailing (had the United States Attorney resisted), but substantive shortcomings do not affect subject-matter jurisdiction. See *Bell v. Hood*, 327 U.S. 678 (1946); cf. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363, 2368-70 (2005). And because §2241 is unaffected by the Antiterrorism and Effective Death Penalty Act of 1996, see *Felker v. Turpin*, 518 U.S. 651 (1996), the special rules for second and successive collateral attacks under §2254 and §2255 do not change the jurisdictional footing of a proceeding under §2241.

That Harris has sought relief in Illinois likewise does not affect subject-matter jurisdiction. We held in *Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004), that the identity of the custodian and the location of the litigation concern venue and personal jurisdiction, rather than subject-matter jurisdiction, and hence may be waived or forfeited by the respondent. Nonetheless, as in *Moore* we express unhappiness about the insouciance of the United States Attorney toward the location of the litigation and the identity of the custodian. The United States Attorney has consistently filed papers (including the brief in this court) identifying the

respondent as E.A. Stepp, warden of a prison in Illinois where Harris was at one time confined. He is not in Illinois now, however, but is held at United States Penitentiary Lee, in Jonesville, Virginia. How long he has been there the papers available to us do not reveal. The United States Attorney has violated several rules (including Fed. R. App. P. 43(c)(2) and Circuit Rules 3(c)(1) and 43) by failing to draw the change in custody to the court's attention and make the appropriate substitution. Because none of these rules affects subject-matter jurisdiction, however, and because Harris has not sought any relief (such as a return to Illinois), the matter need not be pursued.

As for Harris's arguments under *Apprendi* and successors: the warden relies on *Curtis v. United States*, 294 F.2d 841 (7th Cir. 2002), which held that *Apprendi* does not apply retroactively on collateral attack, and *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), which reached the same conclusion about *United States v. Booker*, 125 S. Ct. 738 (2005). Harris replies that in his view *Apprendi* and sequels deprived the district court of "jurisdiction" to sentence him. That's not correct, see *United States v. Cotton*, 535 U.S. 625, 629-31 (2002), and, more to the point, the whole to-and-fro is being conducted in the wrong forum.

The only colorable support for a §2241 action in the Southern District of Illinois was the *dictum* in an order of the D.C. Circuit denying Harris's application for permission to initiate another collateral attack. The conviction to which that *dictum* was addressed has been vacated. Whether Harris is entitled to any other relief is a question for the sentencing court in the District of Columbia—should the D.C. Circuit authorize another collateral attack, which is unlikely given the passage of time since Harris's conviction and the conclusion of *Dodd v. United States*, 125 S. Ct. 2478 (2005), that the year to commence either a first or a successive collateral proceeding under §2255 based on a change in law runs from the new

decision (in this case, *Apprendi*) rather than from some later opinion declaring that the novel decision is or is not retroactive. Harris assuredly is not entitled to additional relief from the United States District Court for the Southern District of Illinois.

AFFIRMED

A true Copy:

   Teste:

       _____

       *Clerk of the United States Court of*
       *Appeals for the Seventh Circuit*