**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 13, 2016[*]
Decided May 17, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-2348 | |
| | Appeal from the |
| JAMES HICKS, | United States District Court for the |
| *Petitioner-Appellant*, | Central District of Illinois. |
| | |
| *v.* | No. 14-CV-1458 |
| | |
| MOSES STANCIL, | James E. Shadid, |
| *Respondent-Appellee*. | *Chief Judge*. |

**O R D E R**

While incarcerated at the Federal Correctional Institution in Pekin, Illinois, James Hicks petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that a recent case from this court establishes that he is not an armed career criminal under 18 U.S.C. § 924(e). Reasoning that § 2241 is not available to Hicks, the district court dismissed the petition. On appeal the government expressly waives any argument that Hicks cannot use § 2241 and concedes that he is entitled to relief. We accordingly vacate

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

the district court's judgment and remand for the district court to grant Hicks's petition for resentencing.

Hicks has twice collaterally challenged his sentence for possessing a firearm as a felon. *See* 18 U.S.C. § 922(g). The district court originally sentenced him to 180 months in prison as an armed career criminal. It relied on four prior drug convictions, three of which were "Class F" felony convictions in Wisconsin for heroin distribution in 2003. *See* WIS. STAT. § 961.41(1)(d)(1). In his first collateral attack, under 28 U.S.C. § 2255, he maintained that his attorney had rendered ineffective assistance by not arguing that because his three convictions in 2003 should have counted as one predicate offense, he was not an armed career criminal. The district court denied his motion.

His second attack came three years later when he petitioned for habeas corpus relief under 28 U.S.C. § 2241. He argued that in light of *United States v. Spencer*, 739 F.3d 1027 (7th Cir. 2014), he was not a career criminal under § 924(e)(2)(A)(ii). This statute requires that a predicate offense carry "a maximum term of imprisonment of [10] years or more." In *Spencer* we held that a Class F felony committed in Wisconsin in 2000 or later, which is punishable by up to only 7½ years in prison, is not a predicate offense even though reimprisonment for violating terms of extended supervision may extend a sentence beyond 10 years. *Id.* at 1028–29, 1031–32. Without disputing this reading of *Spencer*, the government opposed Hicks's petition. It maintained that Hicks could not use § 2241 to attack his sentence collaterally because *Spencer* is not a retroactive Supreme Court decision and Hicks could have made a *Spencer* argument on appeal or in his first collateral attack. *See* 28 U.S.C. § 2255(e). The district court agreed and dismissed Hicks's petition. On appeal the government "waives" its previously advanced argument that Hicks could not pursue § 2241 relief.[1]

In light of the government's waiver on appeal, Hicks may invoke § 2241. "Ordinarily a federal prisoner seeking to attack his sentence or conviction collaterally must bring an action under § 2255 … ." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 970 (2015). Section 2241 is available, however, if § 2255 is

---

[1] While this appeal was pending, Hicks was transferred from FCI–Pekin to FCI–Florence, which is in the District of Colorado. This does not affect our jurisdiction over the case. *See Harris v. Warden*, 425 F.3d 386, 388–89 (7th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004). On the government's motion, we have substituted Moses Stancil, the warden of FCI–Florence, as the respondent in this action. *See* 7TH CIR. R. 43.

"inadequate or ineffective." *See* § 2255(e); *Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). We need not decide whether Hicks meets this exception because the government waives its defense that he does not, and its waiver allows us to decide the petition because failure to satisfy § 2255(e) does not affect the subject-matter jurisdiction to consider a § 2241 petition. *See Brown v. Rios*, 696 F.3d 638, 640–41 (7th Cir. 2012) (accepting government concession that § 2241 is available when petitioner claimed he did not qualify as an armed career criminal); *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) (Section 2255(e) "does not diminish the district court's subject-matter jurisdiction … . Sections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause."); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (noting that jurisdiction for a § 2241 petition is derived from 28 U.S.C. § 1331). *But see Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1340 (11th Cir. 2013) (citing cases that suggest that the savings clause is jurisdictional). Just as we can accept the government's waiver of any nonjurisdictional defense, we can and do accept the government's waiver here. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648–49 (2012); *Eberhart v. United States*, 546 U.S. 12, 17–19 (2005); *Collins v. Youngblood*, 497 U.S. 37, 40–41 (1990).

On the merits Hicks is entitled to a resentencing. Section 2241 authorizes relief from "fundamental" sentencing errors like erroneously sentencing a defendant as an armed career criminal. *See Light*, 761 F.3d at 812–13; *see also Brown v. Caraway*, 719 F.3d 583, 587–88 (7th Cir. 2013) (erroneous application of mandatory career-offender guideline is remediable under § 2241). Hicks persuasively argues, and the government concedes, that he is not an armed career criminal in light of *Spencer*. Hicks's three Class F convictions in 2003 for distribution of heroin fall squarely within *Spencer*'s ruling that Class F felonies committed in or after 2000 in Wisconsin are not predicate offenses under § 924(e). As a result, Hicks has only one predicate conviction and is therefore not an armed career criminal. Without three predicate offenses preceding his conviction in this case for possessing a firearm as a felon, he faces a maximum sentence of 10 years' imprisonment instead of a minimum of 15 years. *Compare* 18 U.S.C. § 924(a)(2) *with* § 924(e)(1). He therefore must be resentenced.

We accordingly VACATE the district court's judgment and REMAND with instructions to grant the petition to authorize a resentencing consistent with this order.