RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0060p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

DERRICK TAYLOR,

                *Petitioner-Appellant*,

    *v.*

ANGELA M. OWENS, Warden,

                *Respondent-Appellee*.

No. 20-5648

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 2:18-cv-02158; 2:92-cr-20127—John Thomas Fowlkes, Jr., District Judge.

Decided and Filed:  March 9, 2021

Before:  DAUGHTREY, McKEAGUE, and THAPAR, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:**  Brandon Sample, BRANDON SAMPLE PLC, Rutland, Vermont, for Appellant. Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

─────────────────

## OPINION

─────────────────

THAPAR, Circuit Judge.  Derrick Taylor robbed a bank at gunpoint.  And when police tried to arrest him, he led them on a high-speed chase, killed an innocent driver sharing the road, shot another driver, and abducted a woman and her child.  Almost three decades later, he challenged one of the resulting convictions and applied for a writ of habeas corpus.  *See* 28 U.S.C. § 2241.  The district court denied Taylor's application.  But Taylor never cleared the jurisdictional bar necessary for a court to adjudicate his claim.  *See id.* § 2255(e).  So we vacate

the district court's order and remand with instructions to dismiss the application for lack of subject-matter jurisdiction.

I.

A.

The ability to seek freedom from unlawful government detention is a crucial safeguard of personal liberty, historically secured by the writ of habeas corpus.  1 William Blackstone, *Commentaries on the Laws of England* 135 (10th ed. 1786).  Congress directs where, when, and how federal courts can grant this relief.  *See Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 95–96, 99–100 (1807) (Marshall, C.J.).  And "[s]ince the founding, Congress has adjusted and readjusted" the statutory scheme many times over.  *Hueso v. Barnhart*, 948 F.3d 324, 326 (6th Cir. 2020).  Today, federal law provides two avenues for federal prisoners challenging their confinement.

Section 2241 is the first avenue:  It grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law.  28 U.S.C. § 2241(a), (c)(3). Prisoners may file an application for the writ with any district court, circuit judge, or Supreme Court justice exercising personal jurisdiction over the warden.  *Id.* § 2241(a).

But habeas corpus proceedings were not the hallmarks of efficiency.  *See United States v. Hayman*, 342 U.S. 205, 210–19 (1952); Nancy J. King & Joseph L. Hoffmann, *Habeas for the Twenty-First Century* 109–10 (2011).  So Congress created a second avenue:  section 2255.  The key innovation was to direct prisoners' legal challenges to the sentencing court, which would possess greater knowledge (and records) of the case.  28 U.S.C. § 2255(a); *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019).  Prisoners may file a motion with the sentencing court to vacate, set aside, or correct a sentence imposed in violation of federal law or by a court without jurisdiction.  28 U.S.C. § 2255(a).

Notice some overlap between the two provisions?  Both deal with federal-law challenges to a prisoner's custody.  But while section 2255 never replaced section 2241 in its entirety, it did severely restrict section 2241's applicability.  *Wright*, 939 F.3d at 698.  Indeed, section 2255 now

serves as the primary means for a federal prisoner to challenge his conviction or sentence—those things that were ordered in the sentencing court. By contrast, section 2241 typically facilitates only challenges to "the execution or manner in which the sentence is served"—those things occurring within prison. *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam).

And Congress has made its preference for section 2255 clear. If a prisoner can file a section 2255 motion in the sentencing court but "fail[s]" to do so or is unsuccessful in his motion, then a court "shall not . . . entertain[]" his application for a writ of habeas corpus under section 2241. 28 U.S.C. § 2255(e). There is one exception: where it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.*; *Wright*, 939 F.3d at 698 (giving examples in which a section 2255 motion may be inadequate or ineffective). Courts commonly call this exception "the saving clause."

## B.

With that background in mind, we can turn back to Derrick Taylor. Taylor was convicted of, among other things, killing a person while avoiding an arrest for bank robbery. 18 U.S.C. § 2113(e); *United States v. Poindexter*, 44 F.3d 406, 407–08, 410 (6th Cir. 1995) (affirming Taylor's convictions and sentence). Importantly, the district court (and then this court) held that the government did not need to prove Taylor's intent to kill. *Poindexter*, 44 F.3d at 408–09.

In 2005, Taylor filed a motion to vacate his sentence based on a new Sixth Amendment challenge. *See* 28 U.S.C. § 2255(a); *United States v. Booker*, 543 U.S. 220 (2005) (holding that the mandatory nature of the Sentencing Guidelines was unconstitutional). The district court denied the motion as time-barred. *See* 28 U.S.C. § 2255(f). This court denied a certificate of appealability.

Then, in 2018, Taylor filed the instant application for a writ of habeas corpus. *See* 28 U.S.C. § 2241. He relied on intervening caselaw both to establish the inadequacy and ineffectiveness of section 2255 relief and to establish his eligibility for habeas relief under section 2241. *See Elonis v. United States*, 135 S. Ct. 2001 (2015); *United States v. Parks*, 583 F.3d 923 (6th Cir. 2009). This caselaw, he said, vindicated his earlier contention that proof

of intent to kill was necessary for conviction. And because he did not have such intent, Taylor claimed actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998). The district court denied the application and dismissed it with prejudice. Taylor appealed, arguing that he satisfied the saving clause or, in the alternative, that the district court lacked jurisdiction over the application.[1]

## II.

The parties asked us to decide whether Taylor satisfied section 2255(e)'s saving clause. But we must first consider an antecedent question: Is that section a limitation on the district court's subject-matter jurisdiction? It is.

Subject-matter jurisdiction refers to "the classes of cases" that fall "within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). A court that lacks subject-matter jurisdiction has no power but to dismiss the case; it may not address the merits. *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). Such a dismissal is without prejudice and leaves the parties free to seek relief in another forum (subject to any rules of preclusion). We have an independent obligation to check both our own jurisdiction and the district court's. So we begin by asking whether section 2255(e) is a jurisdictional bar.

Not all commands that purport to limit judicial proceedings are jurisdictional. Many are claim-processing rules. These commands are rigid and must be applied whenever invoked by a party. But they may be waived or forfeited. (Picture a statute of limitations.) *Kontrick*, 540 U.S. at 456. Other commands are merits requirements. (Picture a statute allowing lawsuits for one type of contract but no others.) *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1007 (6th Cir. 2009).

Where does section 2255(e) fit into all this? We have suggested in the past that it is a jurisdictional rule. *See Wooten v. Cauley*, 677 F.3d 303, 311 (6th Cir. 2012); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123–24 (6th Cir. 1998) (order) (affirming the district court's "dismiss[al] . . . without reaching the merits"). But time and again, the Supreme Court has

---

[1]Unlike in section 2255 proceedings, petitioners proceeding under section 2241 need not secure a certificate of appealability to invoke this court's appellate jurisdiction. *See* 28 U.S.C. § 2253(c)(1); *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

warned that "drive-by jurisdictional rulings" are not "precedential" and should not be followed blindly. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998). So we approach the question anew.

The key is the statutory text. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435–36 (2011). Only "a clear statement" from Congress will render a command jurisdictional. *United States v. Kwai Fun Wong*, 575 U.S. 402, 409–10 (2015). Section 2255(e) has such a clear statement.[2]

*The Audience.* Start by noting to whom the statute is directed—the courts. Claim-processing rules tend to regulate action by litigants. *See, e.g.*, *United States v. Marshall*, 954 F.3d 823, 827 (6th Cir. 2020) (describing a provision that "speaks to what parties, not courts, must do"). Or they may describe claims in the abstract. *See, e.g.*, *Kwai Fun Wong*, 575 U.S. at 411 & n.4 (analyzing 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented . . . within two years.")). Statutes prescribing merits requirements oftentimes condition the grant of a remedy. *See, e.g.*, 28 U.S.C. § 2241(c) (requiring a prisoner to meet certain criteria or else the "writ of habeas corpus shall not extend" to him); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636–38 (6th Cir. 2011) (considering 26 U.S.C. § 7433(d) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies.")). So section 2255(e)'s focus on *courts* favors treating the command as jurisdictional.

*The Command.* The statute tells courts not to entertain an application for a writ of habeas corpus. A court entertains an application when it "receive[s]," "deal[s] with," or "consider[s]" it. *Webster's New International Dictionary* 853 (2d ed. 1950); *Funk and Wagnalls College Standard Dictionary of the English Language* 390 (1943). If the command seems broad, that's because it is.

---

[2]For ease of reference, the text is reproduced below:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Entertaining a legal claim—declaring the law, applying the law to the facts, and issuing a judgment—is exactly what it means to exercise jurisdiction. *See Steel Co.*, 523 U.S. at 101–02; *McCardle*, 74 U.S. (7 Wall.) at 514. And the statute's prohibition is mandatory. *Compare* 28 U.S.C. § 2255(e) ("An application . . . shall not be entertained[.]"), *with id.* § 2244(a) ("No circuit or district judge shall be required to entertain [a successive] application[.]"); *Sanders v. United States*, 373 U.S. 1, 12, 18 (1963) (explaining that section 2244(a) "permit[s, but does] not compel[]" the court to dismiss without "inquiring into the merits"). This is a clear limitation of subject-matter jurisdiction.

*The Precedent.* The Supreme Court, too, has confirmed that jurisdiction over habeas applications is the power to "entertain" them. In *Felker v. Turpin*, the Court granted certiorari to decide whether the Antiterrorism and Effective Death Penalty Act created "an unconstitutional restriction on the jurisdiction of [the Supreme] Court." 518 U.S. 651, 658 (1996). It answered in the negative: "We hold that the Act does not preclude this Court from entertaining an application for habeas corpus relief." *Id.* at 654.

The Court relied heavily on its decision in *Ex Parte Yerger*. *See* 75 U.S. (8 Wall.) 85 (1869). In *Yerger*, the "single point" before the Court was subject-matter jurisdiction—whether the Court had "jurisdiction, in a case like the present, to inquire into the [petitioner's] cause of detention, alleged to be unlawful, and to give relief . . . by the writ of *habeas corpus*." *Id.* at 94–95. How did the *Felker* Court describe *Yerger*? As a case in which the Court considered whether a statute had "deprived this Court of power to entertain an original habeas petition." 518 U.S. at 659; *see also Boumediene v. Bush*, 553 U.S. 723, 793 (2008) (recognizing "that there is no jurisdictional bar to the District Court's entertaining petitioners' claims" in habeas proceedings).

*The Context.* This interpretation also aligns with the Code's surrounding statutory provisions. Consider section 2241(a) and (b). Subsection (a) grants Supreme Court justices and circuit judges original jurisdiction over habeas corpus applications. But they remain free under subsection (b) to "decline to entertain [the] application" and instead transfer it to a district court "for hearing and determination." 28 U.S.C. § 2241(a)–(b); *Ex parte Hayes*, 414 U.S. 1327, 1327–28 (1973) (Douglas, J., in chambers). Or look at section 2243, which describes how a

court "entertaining an application for a writ of habeas corpus" should determine the merits—i.e., exercise its jurisdiction.  28 U.S.C. § 2243.  Congress well understood that entertaining an application meant exercising jurisdiction.

Further, we (and several other courts) have already recognized a similar jurisdictional limitation.  *See Henderson*, 562 U.S. at 440 (considering the "characteristics of the review scheme that Congress created").  Any prisoner who wishes to file a second or successive application for a writ of habeas corpus must first secure a determination from the court of appeals that the prisoner's claims meet certain demanding criteria.  28 U.S.C. § 2244(b).  We have explained that this requirement places subject-matter jurisdiction over the second or successive application exclusively with the court of appeals in the first instance.  *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005); *accord, e.g.*, *Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir. 2005); *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  So Congress has not been shy about barring courts from hearing multiple challenges from an individual prisoner.

*Our Sister Circuits.*  In concluding that section 2255(e) imposes a jurisdictional bar, we find ourselves in good company.  *See United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

To be sure, the Seventh Circuit has reached the opposite conclusion.  *See Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) (holding that subsection (e) "does not diminish the district court's subject-matter jurisdiction").  The court reasoned that subject-matter jurisdiction was based on the federal-question statute, 28 U.S.C. § 1331, and sections 2241 and 2255 "deal with remedies," not jurisdiction.  425 F.3d at 388.  Neither explanation is persuasive.  The first observation is beside the point.  Assuming the federal-question statute independently provides district courts with habeas jurisdiction, other statutes may provide exceptions to that jurisdiction.  *See, e.g.*, 26 U.S.C. § 7421 (Anti-Injunction Act); 28 U.S.C. §§ 1341 (Tax Injunction Act), 1342 (Johnson Act).  Certainly section 2255(e) would qualify.  The second observation—these sections deal only with remedies—was and still is inaccurate.  Both sections contain provisions that explicitly govern jurisdiction (and not remedies).  *See, e.g.*, 28 U.S.C. §§ 2241(d) (explaining which district courts have "concurrent jurisdiction to entertain the application" of a

state prisoner), 2255(d) (incorporating the appellate jurisdiction available for habeas corpus applications).  In short, the Fourth and Eleventh Circuits have the better of this argument.

* * *

Section 2255(e) limits district courts' subject-matter jurisdiction.  A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully.  The only escape route is the saving clause.

### III.

As the party invoking the federal court's jurisdiction, Taylor has the burden to satisfy the saving clause.  *See Charles*, 180 F.3d at 756; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  (No one disputes that section 2255(e) would otherwise bar his claim.)  Taylor seeks to prove his actual innocence based on a lack of intent to kill while avoiding arrest.  To satisfy the saving clause, Taylor must show "that he had no prior reasonable opportunity to bring [t]his argument" in his earlier section 2255 proceedings.  *Wright*, 939 F.3d at 705.  He can do so by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim.  *Hueso*, 948 F.3d at 333.  Taylor points to two cases: *Parks* and *Elonis*.  Neither qualifies.

Reliance on this court's *Parks* decision is a nonstarter.  We can assume that *Parks* (which post-dates the section 2255 proceedings) reinterpreted the statute of conviction to require proof of intent.  *See* 583 F.3d at 925 (criticizing *Poindexter*'s "interpretive methodology" on this point).  But petitioners must identify a *Supreme Court* decision that reinterprets the statute of conviction to satisfy the saving clause.  *Hueso*, 948 F.3d at 333.  This court is not the Supreme Court.

Taylor's other case, *Elonis*, is a Supreme Court decision.  135 S. Ct. 2001.  But it concerns the wrong statute.  *See id.* at 2004 (discussing 18 U.S.C. § 875(c)).  So *Elonis* cannot serve as the basis of Taylor's actual-innocence claim, either.

Taylor has not met his burden under the saving clause.

IV.

Unless Taylor proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241. The district court erred in denying the application on the merits and dismissing it with prejudice. We vacate the district court's order and remand with instructions to dismiss for lack of subject-matter jurisdiction.